## LAGRAVE et al. *v.* FOWLER.

Where one, who had contracted to furnish marble for a building  within a  time fixed, finds it
impossible, in consequence of the inundation of his quarries and  marble works, to comply
with his contract within  the time specified,  is permitted by the other party to  furnish the
materials afterwards, the latter must pay for them.

Where one, who had been unable to comply with a  contract to furnish materials  at a  certain
time, and who is permitted  to furnish them afterwards, claims in his  petition the  original
contract price, but, in a supplemental petition, demands a larger sum on a *quantum meruit*,
the amount claimed in the petition will be considered as fixing the  price for  which the con-
tract was to be performed after the period originally fixed for its performance.

APPEAL from the Fourth  District Court of New Orleans, *Strawbridge*, J. *Rozier, Benjamin* and *Micou*, for the plaintiffs.   *Grymes*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

LAGRAVE
v.
FOWLER.

EUSTIS, C. J. The plaintiffs brought suit againt the defendant, for the sum of $4, 261 61. Of this amount $3,500 was claimed under a contract made between the parties in New Orleans, on the 5th of June, 1844, by which the plaintiffs bound themselves to furnish and put up the granite and marble work required for three new buildings, to be erected at the corner of Magazine and Natchez streets, in the city of New Orleans, for the said sum of $3,500, according to the conditions stipulated particularly in said contract; the balance was for extra work done at the instance of the defendant. The answer alleges that the work was badly done, that unfit and improper materials were used, and that the contract has not been complied with on the part of the plaintiffs, either as to the material, workmanship, or the time stipulated for its execution. It also claims the sum of $600 per month, for the delay on the part of the plaintiffs in performing the contract, from the 15th September, 1844, until the buildings were completed, and a large amount as special damages.

The suit was instituted in 1845, and in April, 1846, a jury found a verdict for the plaintiffs for the sum of $3,741, and against the defendant on his reconventional demand. On an appeal taken by the defendant this court directed a new trial to be had, being of opinion that, under the pleadings and evidence, the verdict could not be sustained; and the case was remanded accordingly.

On the return of the cause to the District Court the plaintiffs filed a supplemental petitition, in which they allege that the work done and materials furnished were so done and furnished at the special instance and request of the defendant, and were worth the sum of $10,000, and that the front of the building was completed between the months of September, 1844, and May, 1845, under the superintendence of the architect of the defendant, employed by him for that purpose. Some new evidence was offered on the trial, and a jury again found a verdict against the defendant on his plea in reconvention, and gave the plaintiffs the sum of $3,500, with interest from judicial demand. From the judgment rendered in accordance with this verdict, the defendant has appealed.

The buildings were not in a condition to be delivered until late in June, 1845, and it is not insisted that the work to be done by the plaintiffs in making the fronts, was completed before the month of May of that year. We think the plaintiffs were prevented from complying with their contract at the time specified, to wit, the 15th September, 1844, by the inundation of their quarry and marble works by the floods of the Mississippi and Missouri rivers, in that year. The condition of time became thus impossible, and the defendant, by permitting the plaintiffs to furnish their labor and materials afterwards, bound himself to pay for them.

It appears that the plaintiffs had, in their petition, asked no more from the defendant than the original contract price for their work, and the jury have held them to that amount, notwithstanding their claim, as urged in their supplemental petition, on a *quantum meruit*. The jury were authorized to act on the allegations of the petition as fixing the price upon which the contract was to be performed, after the time fixed for its performance, viz. 15th September, 1844 ; and we do not feel authorized to allow the plaintiffs any thing more, though the amount allowed the plaintiffs by the verdict we consider as far short of doing them justice.

*Judgment affirmed.*